## Staunton.

# HENRY GILBERT, ET AL. v. THE COUNTY SCHOOL BOARD OF ARLINGTON COUNTY, ET AL.

September 20, 1923.

1. MUNICIPAL SECURITIES—*School Bonds—Pledging Full Faith of County for Payment of School Bonds—Conflict with Section 168 of the Constitution of 1902.*—The statute under which an election was held in a school district to determine whether bonds should be issued, Acts of 1922, chapter 175, section 9, provided that the bonds should have upon their face the following words:   "These bonds are issued for school improvement in Arlington school  district but the full faith  and credit of the entire county of Arlington is hereby pledged for  their payment, and a tax is to be levied upon the property in said district to pay the interest on them and to create a sinking fund sufficient in amount to pay them upon maturity."

   *Held:*  That this provision of the act was not in conflict with section 168 of the Constitution of 1902, because it undertook to pledge the faith and credit of the entire county for bonds issued for the benefit of only a subdivision thereof.

2. SCHOOLS AND SCHOOL DISTRICTS—*Constitutionality of the County Unit Act—Acts of 1922, page 737.*—Chapter 423 of the Acts of 1922, page 737, known as the county unit act, is not in conflict with section 133 of the Constitution of 1902 as amended, in that it attempts to abolish the separate corporate existence of the school districts of the counties, and to abolish the separate boards of trustees of the respective school districts.

3. SCHOOLS AND SCHOOL DISTRICTS—*Constitutionality of the County Unit Act—Acts of 1922, page 737.*—Section 1 of chapter 423 of the Acts of 1922, page 737, known as the county unit act, is not in conflict with section 133 of the Constitution of 1902 as amended.  Section 1 of the Acts of 1922 is clearly within the terms of section 133 of the Constitution as amended, in directing that there shall be only one trustee for each school district.  The words in the act, "for this purpose only (selection of a trustee) each magisterial district shall constitute a separate school district," standing alone might seem to indicate a purpose to abolish the school district for every purpose except that of defining the territory from which school trustees are

to be elected. But this would be too narrow a construction of the language in question. Its real object was to emphasize the abolition of the separate school districts as units of administrative operation and the establishment for that purpose of county school boards. The act recognizes that the school district has a territorial existence, and further, there is a clear recognition of the existence of the district for taxing purposes.

Appeal from a decree of the Circuit Court of Arlington county. Decree for defendants. Complainants appeal.

*Affirmed.*

The opinion states the case.

*Wm. C. Gloth,* for the appellants.

*Frank L. Ball,* for the appellees.

Kelly, P., delivered the opinion of the court.

This suit in equity was instituted by Henry Gilbert and other residents and taxpayers in Arlington magisterial district of Arlington county, to enjoin the county school board of that county and the individual members thereof from completing the sale of certain school bonds. The lower court refused the injunction and entered a final decree dismissing the bill at the cost of the complainants. From that decree this appeal was allowed.

The essential facts are these: Pursuant to the provisions of chapter 175 of the Acts of 1922, an election was held in Arlington school district to determine whether the bonds in question should be issued. The result of that election was overwhelmingly in favor of the bonds, and it is an admitted fact in the case that such election was held and the result thereof certified to and approved by the court in full compliance in all

respects with the act above mentioned. It is further admitted that the bonds thus authorized were properly and regularly advertised and a sale thereof duly contracted for with the proposed purchasers at a fair price.

The grounds upon which the injunction was prayed for may now be considered.

[1] 1. The statute under which the election was held (chapter 175, Acts 1922, section 9), provides that the bonds shall have upon their face the following words, to-wit:

"These bonds are issued for school improvement in Arlington school district but the full faith and credit of the entire county of Arlington is hereby pledged for their payment, and a tax is to be levied upon the property in said district to pay the interest on them and to create a sinking fund sufficient in amount to pay them upon maturity."

It is contended that the provision of the act last quoted is in conflict with section 168 of the Virginia Constitution, because it undertakes to pledge the faith and credit of the entire county for bonds issued for the benefit of only a subdivision thereof. This contention is directly and conclusively settled adversely to the appellants by the decision of this court in *Moss* v. *Tazewell County*, 112 Va. 878, 72 S. E. 945.

[2] 2. It is argued that chapter 423 of the Acts of 1922, known as the county unit act, by virtue of which the county school board of Arlington county exists, is in conflict with section 133 of the Virginia Constitution as amended.

The precise particular in which the act here in question is said to be in conflict with section 133 of the Constitution is, to use the language of the petition upon which this appeal was granted, "that the act attempts to abolish the separate corporate existence of the school

districts of the counties * * * and to abolish the separate boards of trustees of the said respective school districts;" and it is insisted that the Constitution, on the other hand, intended "that the various district school boards should constitute distinct corporations having full debt-making authority in their respective districts."

We do not think this position is sound. If there is any conflict between the act and the Constitution, it arises between section 1 of the act and section 133 of the Constitution as amended. These two sections are as follows:

[3] Section 133, Va. Const., as amended (see Acts 1920, chapter 346): "Each magisterial district shall constitute a separate school district unless otherwise provided by law. In each school district there shall be not more than three trustees selected in the manner and for the term of office prescribed by law. Men and women may serve as school trustees in said districts, and in cities and towns forming separate school districts."

Section 1 of the act. "In each school district of a county there shall be one trustee selected in the manner provided by law, and for this purpose only each magisterial district shall constitute a separate school district."

We do not perceive any substantial conflict between these two provisions. The Constitution does not speak of school boards, but merely of school districts, and only establishes them subject to the power of the legislature to "otherwise provide by law." Section 1 of the act is clearly within the terms of section 133 of the Constitution as amended, in directing that there shall be only one trustee for each school district. The only difficulty in harmonizing the two provisions arises upon

that portion of the act which says that "for this purpose only (selection of a trustee) each magisterial district shall constitute a separate school district." These words, standing alone and unaided by the context and by the terms and general purpose of the act as a whole, would seem to indicate a purpose to abolish the school district for every purpose except that of defining the territory from which school trustees are to be elected. This is an altogether too narrow construction of the language in question. Its real object was to emphasize the abolition of the separate school districts as units of administrative operation and the establishment for that purpose of county school boards. The first clause of section 1 of the act refers to "each school district," and the second clause, while limiting the purpose for which the district is to exist, nevertheless recognizes that it has a territorial existence; and later on in section 4 of the act there is a clear recognition of the existence of the district for taxing purposes which is found in the following language: "Nothing in this act shall be construed to affect the present plan of levying district as well as county school taxes, nor to affect the obligation of any district for bond issues for school purposes or other debts peculiar to that district."

Upon the whole case, we are of opinion that the court did not err in dismissing the bill, and that the decree complained of must be affirmed.

*Affirmed.*